UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|                     |                         |
|---------------------|-------------------------|
| IN RE:              | CHAPTER 11              |
|                     | CASE NO. 09-20683-FJB   |
| ERIC N. REYBURN,    |                         |
|                     |                         |
| Debtor.             |                         |

## FIRST AMENDED PLAN OF REORGANIZATION

Eric N. Reyburn, hereby proposes to his creditors the following First Amended Plan of Reorganization pursuant to the provisions of Section 1121(a) of Title 11 of the United States Code.

### ARTICLE I

### DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

1.1   "Allowed Amount" shall mean:

A.   The amount of a Claim that has been allowed by Final Order; or

B.   The amount of a Claim timely filed with the Clerk of the Court or that is listed by the Debtor in his schedules of assets and liabilities filed with the Court (as they may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009) as undisputed, non-contingent or liquidated as to which Claim (i) no objection to the allowance thereof has been interposed within any period of limitation fixed by the Code, Bankruptcy Rules, Local Bankruptcy Rules or Orders of the Court, or (ii) an

objection has been interposed, which objection has been determined by Final Order to the extent that such objection is determined in favor of claimant; or

C.   The amount of a Claim for an administrative expense (i) as to which no objection has been interposed within any period of limitation fixed by the Code, applicable Bankruptcy Rules, Local Bankruptcy Rules or Orders of the Court, or (ii) as to which Claim an objection has been interposed, which objection has been determined by a Final Order to the extent such objection is determined in favor of a claimant, or (iii) with respect to fees and expenses of professional persons, the amount of such fees and expenses as allowed by Final Order.

1.3  "Claim" shall mean all claims, as defined in Section 101(5) of the Code against the Debtors, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, matured or unmatured, disputed or undisputed, legal, equitable, secured or unsecured, including all Claims arising from the rejection of executory contracts.

1.4  "Code" shall mean the Bankruptcy Reform Act of 1978 as amended, as applicable to this case.

1.5  "Confirmation Date" shall mean the date on which the Court shall confirm, by Order, the Plan.

1.6  "Court" shall mean the United States Bankruptcy Court for the District of Massachusetts.

1.7  "Creditors" shall mean all creditors of the Debtors holding claims for debts, liabilities, demands, or claims of any character whatsoever, whether unsecured or secured by assets of the Debtor.

1.8   "Debtor" shall mean Eric N. Reyburn.

1.10  "Effective Date of the Plan" shall mean fourteen (14) days after the Order of the Court confirming the Plan becomes a Final Order.

1.11  "Final Order" shall mean an order or judgment that is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.12  "Lien" shall mean a mortgage, pledge, judgment lien, security interest, or other encumbrance on Debtor's property which is effective under applicable law as of the Confirmation Date.

1.13  "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

1.14  "Secured Claim" shall mean all claims secured by liens on property of the Debtor to the extent that such liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Code or other applicable law and duly established in this case.

ARTICLE II
DESIGNATION OF CLASSES OF CLAIMS AND INTEREST

All holders of Claims against or interests in the Debtor shall be bound by the provisions of this Plan and are hereby classified as follows:

2.1   Administrative Claims – All allowed Claims entitled to payment pursuant to Section 507(a) of the Code.

2.2  Priority Claims – All allowed Claims entitled to priority as described in Section 507(a) of the Code, subsections 3 through 7.

2.3  Tax Claims – All allowed Claims asserted against the Debtor by governmental entities to the extent that such Claims are entitled to priority under Section 507(a)(8) of the Code.

2.4  Class One Claims – All allowed Unsecured Claims without priority as described in Section 726(a)(2) of the Code.

2.5  Class Two Claim – The allowed secured claim of the City of Cambridge for unpaid real estate taxes.

2.6  Class Three Claim – The allowed secured claim of Chrysler Financial secured by a lien on the Debtor's 2008 Dodge Ram 2500 motor vehicle.

2.7  Class Four Claim – The allowed secured claim of America Honda Finance Corporation secured by a lien on the Debtor's 2006 Honda Accord motor vehicle.

2.8  Class Five Claim – The allowed secured claim of Deutsche Bank National Trust Company as Trustee secured by a first mortgage on the real estate at 31 Blanchard Road, Cambridge, MA.

2.9  Class Six Claim – The allowed secured claim of Residential Credit Solutions, Inc. secured by a first mortgage on the real estate at 11 Ivy Street, Cambridge, MA.

2.10 Class Seven Claim – The allowed secured claim of US Bank, National Association, as Trustee secured by a first mortgage on the real estate at 2 Inman Place, Cambridge, MA.

2.11 <u>Class Eight Claim</u> – The allowed secured claim of Wells Fargo Bank, N.A., as Trustee secured by a first mortgage on the real estate at 59-61 Elm Street, Cambridge, MA.

2.12 <u>Class Nine Claim</u> – The allowed secured claim of Deutsche Bank National Trust Company secured by a first mortgage on the real estate 204 Garden Street, Cambridge, MA.

2.13 <u>Class Ten Claim</u> – The allowed secured claim of Deutsche Bank National Trust Company secured by a first mortgage on the real estate at 141 Fayerweather Street, Cambridge, MA.

2.14 <u>Class Eleven Claim</u> – The allowed secured claim of The Bank of New York, Mellon Trust Company, National Association secured by a first mortgage on the real estate at 123 Elm Street, Somerville, MA.

2.15 <u>Class Twelve Claim</u> – The allowed secured claim of GMAC Mortgage, LLC secured by a first mortgage on the real estate at 9-11 Hazel Street, Cambridge, MA.

2.16 <u>Class Thirteen Claim</u> – The allowed secured claim of Bank of America secured by a first mortgage on the real estate at 204 – 206 Fayerweather Street, Cambridge, MA

2.17 <u>Class  Fourteen Claim</u> – The allowed secured claim of HSBC Bank USA, N.A. as Trustee secured by a first mortgage on the real estate at 15-17 Muller Avenue, Cambridge, MA.

2.18 <u>Class Fifteen Claim</u> – The allowed secured claim of HSBC Bank USA, N.A. as Trustee secured by a first mortgage on the real estate at 48-50 Magoun Street, Cambridge, MA.

2.19 Class Sixteen Claim – The allowed secured claim of BAC Home Loans Servicing, LP secured by a first mortgage on the real estate at 206 Garden Street, Cambridge, MA.

2.20 Class Seventeen Claim –  The allowed secured claim of Wachovia Mortgage secured by a first mortgage on the real estate at 20 Copley Street, Cambridge, MA.

2.21 Class Eighteen Claim – The allowed secured claim of Deutsche Bank National Trust Company, Trustee secured by a first mortgage on the real estate at 95 Prentiss Street, Cambridge, MA.

2.22 Class Nineteen Claim – The allowed secured claim of H&R Block Bank secured by a first mortgage on the real estate at 159-161 Cushing Street, Cambridge, MA.

2.23 Class Twenty Claim – The allowed secured claim of Deutsche Bank National Trust Company, Trustee secured by a first mortgage on the real estate at 55-57 Elm Street, Cambridge, MA.

2.24 Class Twenty One Claim – The allowed secured claim of Homecomings Financial secured by a first mortgage on the real estate at 278-282 Walden Street, Cambridge, MA.

2.25 Class Twenty Two Claim – The allowed secured claim of America's Servicing Company secured by a first mortgage on the real estate at 94-96 Alpine Street, Cambridge, MA.

2.26 Class Twenty Three Claim – The allowed secured claim of One West Bank, F.S.B. secured by a first mortgage on the real estate at 37-39 Porter Road, Cambridge, MA.

2.27 <u>Class Twenty Four Claim</u> – The allowed secured claim of County National Bank secured by a first mortgage on the real estate at 1200 Grandview Road, Curwensville, PA.

2.28 <u>Class Twenty Five Claim</u> – The allowed secured claim of Bank of America, NA secured by a second mortgage on the real estate at 29-31 Blanchard Road, Cambridge, MA.

2.29 <u>Class Twenty Six Claim</u> – The allowed secured claim of Homecomings Financial secured by a second mortgage on the real estate at 278-282 Walden Street, Cambridge, MA.

## ARTICLE III
### PAYMENT OF ADMINISTRATIVE CLAIMS

All allowed Administrative Claims pursuant to 11 U.S.C. Sec. 507(a)(1) shall be paid in full on the Effective Date of the Plan unless otherwise agreed.

## ARTICLE IV
### PAYMENT OF PRIORITY CLAIMS

All allowed priority claims shall be paid with interest, if required by law, at the rate so provided over the period provided by 11 U.S.C. Section 1129(a)(9)(C).

## ARTICLE V
### PAYMENT OF TAX CLAIMS

Unsecured priority tax claims shall be paid in full with interest as provided by applicable Federal or State law pursuant to the provisions of 11 U.S.C. Section 1129(a)(9)(C). The Debtor expects that there will be no unsecured priority tax claims.

ARTICLE VI

TREATMENT OF OTHER CLAIMS AND INTERESTS

6.1   Class One – This Class consists of all allowed unsecured claims. The claims in this Class shall be paid their pro rata share of $3500.00 per month commencing on the Effective Date and continuing thereafter for 46 months.  In addition, this Class shall receive the net proceeds from the liquidation of the assets described at  Schedule B-25 of the Debtor's Bankruptcy Schedule, also to be pro rata.  This Class also includes the claims of secured creditors as described in the succeeding classes of the Plan as well as the claims secured by second mortgages of Terwin Advisors, LLC (94-96 Alpine Street, Cambridge, MA), GMAC Mortgage, LLC (15-17 Muller Street, Cambridge, MA), E*Trade Bank c/o Specialized Loan Servicing (11 Ivy Street, Cambridge, MA) and BAC Home Loan Servicing LP (204-206 Fayerweather Street, Cambridge, MA) all of which shall be deemed unsecured.  This class is impaired.

6.2   Class Two –  The secured claims of the City of Cambridge shall be paid in full with interest as required by applicable law over the period provided by 11 U.S.C. Section 1129(a)(9)(C).

6.3   Class Three –   The allowed secured claim of Chrysler Financial shall be paid in full pursuant to the provisions of the agreement between the parties.  This Class is unimpaired.

6.4   Class Four – The allowed secured claim of America Honda Finance Corporation shall be paid in full pursuant to the provisions of the agreement between the parties.  This Class is unimpaired.

6.5   Class Five – The allowed secured claim of Deutsche Bank National Trust Company as Trustee secured by a first mortgage on the real estate at 31 Blanchard Road, Cambridge, MA securing a

claim in the sum of $399,745.41 shall be paid with interest at the fixed rate of 6.00% per annum over the remaining term of the loan with monthly payments of $2,519.79 commencing as of June 1, 2010. This Class is impaired.

6.6   Class Six – The allowed secured claim of Residential Credit Solutions, Inc. secured by a first mortgage on the real estate at 11 Ivy Street, Cambridge, MA shall be fixed at $490,000.00 and paid with interest at the fixed rate of 4.5% per annum over a term of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.7   Class Seven – The allowed secured claim of US Bank, National Association, as Trustee secured by a first mortgage on the real estate at 2 Inman Place, Cambridge, MA shall be fixed at $530,000.00 and paid with interest at the fixed rate of 4.5% per annum over a term of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.8   Class Eight – The allowed secured claim of Wells Fargo Bank, N.A. as Trustee secured by a first mortgage on the real estate at 59-61 Elm Street, Cambridge, MA shall be fixed at $550,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.9   Class Nine – The allowed secured claim of Deutsche Bank National Trust Company secured by a first mortgage on the real estate at 204 Garden Street, Cambridge, MA shall be fixed at $410,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall

9

be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.10  Class Ten – The allowed secured claim of Deutsche Bank National Trust Company secured by a first mortgage on the real estate at 141 Fayerweather Street, Cambridge, MA shall be fixed at $550,000.00 and paid with interest at the fixed rate of 4.25% per annum over a period of 20 years. The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.11  Class Eleven – The allowed secured claim of The Bank of New York, Mellon Trust Company, National Association secured by a first mortgage on the real estate at 123 Elm Street, Somerville, MA shall be fixed at $560,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.12  Class Twelve – The allowed secured claim of GMAC Mortgage, LLC secured by a first mortgage on the real estate at 9-11 Hazel Street, Cambridge, MA shall be fixed at $540,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.13  Class Thirteen – The allowed secured claim of Bank of America secured by a first mortgage on the real estate at 204-206 Fayerweather Street, Cambridge, MA shall be fixed at $550,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.14 Class Fourteen – The allowed secured claim of HSBC Bank USA, N.A. as Trustee secured by a first mortgage on the real estate at 15-17 Muller Avenue, Cambridge, MA shall be fixed at $560,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years. The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.15 Class Fifteen – The allowed secured claim of HSBC Bank USA, N.A. as Trustee secured by a first mortgage on the real estate at 48-50 Magoun Street, Cambridge, MA shall be fixed at $540,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years. The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.16 Class Sixteen – The allowed secured claim of BAC Home Loans Servicing, LP secured by a first mortgage on the real estate at 206 Garden Street, Cambridge, MA shall be fixed at $425,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years. The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.17 Class Seventeen – The allowed secured claim of Wachovia Mortgage secured by a first mortgage on the real estate at 20 Copley Street, Cambridge, MA shall be fixed at $575,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years. The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.18 Class Eighteen – The allowed secured claim of Deutsche Bank National Trust Company, Trustee secured by a first mortgage on the real estate at 95 Prentiss Street, Cambridge, MA shall be

fixed at $525,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.19 Class Nineteen – The allowed secured claim of H&R Block Bank secured by a first mortgage on the real estate at 159-161 Cushing Street, Cambridge, MA shall be fixed at $540,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.20 Class Twenty –  The allowed secured claim of Deutsche Bank National Trust Company, Trustee secured by a first mortgage on the real estate at 55-57 Elm Street, Cambridge, MA shall be fixed at $550,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.21  Class Twenty One – The allowed secured claim of Homecomings Financial secured by a first mortgage on the real estate at 278-282 Walden Street, Cambridge, MA securing a claim in the sum of $787,924.76 shall be paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  This Class is impaired.

6.22 Class Twenty Two – The allowed secured claim of America's Servicing Company secured by a first mortgage on the real estate at 94-96 Alpine Street, Cambridge, MA shall be fixed at $535,000.00 and paid with interest at the fixed rate of 3.5% per annum over a period of 20 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.23  Class Twenty Three – The allowed secured claim of One West Bank, F.S.B. secured by a first mortgage on the real estate at 37-39 Porter Road, Cambridge, MA  shall be fixed at $550,000.00 and paid with interest at the fixed rate of 4.5% per annum over a period of 30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim. This Class is impaired.

6.24  Class Twenty Four – The allowed secured claim of County National Bank shall be paid in full pursuant to provisions of the agreement between the parties.  This Class is unimpaired.

6.25  Class Twenty Five – The allowed claim of Bank of America, N.A. as described in the Proof of Claim filed as claim 26-1 on January 24, 2010 shall be fixed at $180,254.94 as to 29-31 Blanchard Street, Cambridge, MA and deemed unsecured as to all other parcels of the Debtor's real estate.  The secured amount shall be paid with interest at the fixed rate of 6% per annum over a term of 316 months.  The balance of the claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

6.26  Class Twenty Six – The allowed secured claim of Homecomings Financial secured by a second mortgage on the real estate at 278-282 Walden Street, Cambridge, MA shall be fixed at $27,075.24 and shall be paid with interest at the fixed rate of 4.5% per annum over a period of
30 years.  The balance of this claim shall be deemed unsecured and treated as a Class One claim.  This Class is impaired.

13

ARTICLE VII

MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor shall make the payments required under this Plan from his income on a monthly basis. In addition, the Debtor shall liquidate the motor vehicles and trailers described at Schedule B-25 either at public auction or private sale or any combination thereof.

The Debtor may at any time at his sole option, and without further order of the Court, satisfy the balance remaining to be paid under the Plan by one final payment to the holders of allowed claims in Class One. Authorization from the Court shall not be required to the extent that the Debtor borrows funds on a secured or unsecured basis to satisfy his remaining obligations under the Plan.

ARTICLE VIII

UNITED STATES TRUSTEE PROVISION

The Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. Section 1930(a)(6) until his case is closed or dismissed. After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) that the case remains open. The quarterly report shall be due fifteen days after the end of the calendar quarter. The quarterly financial report shall include the following:

(1)  a statement of all disbursements made during the course of the quarter, by month, whether or not pursuant to the plan;

(2)  a summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an

14

explanation of the failure to make any distributions or transfers of property under the plan; if any;

(3)  a description of any other factors which may materially affect the Debtor's ability to complete its obligation under the plan; and

(4)  an estimated date when an application for final decree will be filed with the court (in the case of the final quarterly report, the date the decree was filed).

## ARTICLE IX
### DEBTOR'S DISCHARGE AND CLOSING OF THE CASE

The case shall be closed upon the Debtor's motion for entry of final decree and to close the case and certification that he has made the payments required by the Plan to have been made on the Effective Date.  During the period the case is closed the Debtor shall not be required to file monthly or quarterly reports nor shall he be required to pay quarterly fees to the United States Trustee.  During the period the Debtor is making the payments to the Class One Claims he shall be required to notify the United States Trustee when and if he becomes three monthly payments in arrears.  Upon the completion of the payments required to be made to the Class One Claims the Debtor shall file a certificate and affidavit of completion of the Class One payments and the case shall be reopened and, thereafter, the Debtor shall file a Motion for Entry of Discharge pursuant to 11 U.S.C. Section 1141 and upon the Court's grant of same the Debtor shall be discharged from all debts provided for in this Plan.

## ARTICLE X
### RETENTION OF JURISDICTION

The Court shall retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

10.1  To enforce and interpret the terms and conditions of the Plan or any order previously entered in these Chapter 11 proceedings.

10.2  To hear, determine and authorize sales of the Debtor's property free and clear of liens, claims, encumbrances and interests pursuant to the provisions of 11 U.S.C. Sec. 363.

10.3  To hear and determine all claims against the Debtor or against property of the estate which are not adjudicated or settled prior to the Confirmation Date and to determine participation, if any, under the Plan.

10.4  To hear and determine exemption claims and proceedings in the nature of the avoidance of judicial liens.

10.5  To hear, determine, and enforce any and all causes of action which the Debtor has brought or may bring to set aside liens or encumbrances or to recover any preferences, transfers, assets, or damages to which the estate may be entitled and to subordinate or disallow, in whole or in part, any Claim herein, under applicable provisions of the Code, or any Federal, State or local law, and to determine allowances of fees and disbursements of counsel in connection therewith.

10.6  To hear and determine any and all claims arising from the assumption and assignment or rejection of executory contracts or unexpired leases and to consummate such assumption, assignment, or rejection.

10.7  To adjudicate all controversies concerning the classification of any claim or interest.

10.8  To liquidate damages in conjunction with any disputed, contingent, or unliquidated claim.

10.9  To adjudicate all claims of a security or ownership interest in any property of the estate or any proceeds thereof.

10.10  To adjudicate any claim or controversy arising out of any purchase, sale, or contract made or undertaken by the Debtor during the tendency of these proceedings.

10.11  To recover all assets of the Debtor and all properties of the estate, wherever located.

10.12  To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

10.13  To modify the Plan after confirmation pursuant to the Bankruptcy Code and Rules.

10.14  To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as this Court may deem necessary.

10.15  To enter an Order concluding and terminating this case.

                Respectfully submitted,
                Eric N. Reyburn
                By his Successor Counsel

Dated: January 10, 2011      /s/Gary W. Cruickshank, Esq.
                21 Custom House Street
                Suite 920
                Boston, MA 02110
                (617) 330-1960
                (BBO107600)
                gwc@cruickshank-law.com

<u>CERTIFICATE OF SERVICE</u>

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing First Amended Plan has been served electronically, unless otherwise stated, via regular United States mail, postage prepaid, upon the following parties:

| | |
|---|---|
| United States Trustee<br>John W. McCormack Post Office and Courthouse<br>5 Post Office Square, Suite 1000<br>Boston MA 02109 | Samuel Adams Aylesworth, Esq.<br>City of Cambridge Law<br>795 Massachusetts Avenue<br>Cambridge MA 02139 |
| Amy N. Azza, Esq.<br>Paul J. Mulligan, Esq.<br>Counsel to GMAC Mortgage<br>45 School Street<br>Boston MA 02108 | Paul W. Carey, Esq.<br>Mirick, O'Connell, et al<br>Counsel to Bank of America<br>100 Front Street<br>Worcester MA 01608 |
| Catherine V. Eastwood, Esq.<br>Ann Marie Maccarone, Esq.<br>Patridge Snow & Hahn LLP<br>180 South Main Street<br>Providence RI 02903 | Rian Vernon, Esq.<br>Jason Giguere, Esq.<br>Deirdre M. Keady, Esq.<br>A. Rebecca Murray, Esq.<br>Harmon Law Office<br>Counsel to HSBC Bank USA<br>PO Box 610345<br>Newton Highlands MA 02461 |
| Jeffrey J. Hardiman, Esq.<br>Bendett & McHugh P.C.<br>Counsel to Deutsche Bank<br>160 Farmington Avenue<br>Farmington CT 06032 | A. Michelle Hart, Esq.<br>McCalla Raymer et al<br>Bankruptcy Dept.<br>Roswell GA 30076 |
| Amy Lee Lipman-Whte, Esq.<br>Stanton & Davis<br>Counsel to HSBC Bank USA<br>1000 Plain Street<br>Marshfield MA 02050 | Joe M. Lozano, Jr., Esq.<br>Brice, Vander et al<br>Counsel to Saxon Special Svcs.<br>9441 LBJ Freeway, Ste. 350<br>Dallas TX 75243 |
| Walter M. Lupan, Esq.<br>Grassia, Murphy & Lupan<br>Counsel to TD Bank N.A.<br>5 Commonwealth Road<br>Natick MA 01760 | Robert L. Marder, Esq.<br>Counsel to Century Bank<br>85 Exchange Street<br>Suite L10<br>Lynn MA 01901 |

Martin A. Mooney, Esq.  
Deily, Mooney & Glastetter LLP  
Counsel to Chrysler Financial  
8 Thurlow Terrace  
Albany NY 12203  

Stephen G. Murphy, Esq.  
Mass. Dept. of Revenue  
PO Box 9565  
100 Cambridge Street  
Boston MA 02114  

Julie A. Ranieri, Esq.  
Korde & Associates  
Counsel to Deutsche Bank  
321 Billerica Road  
Suite 210  
Chelmsford MA 01824  

Jeana Kim Reinbold, Esq.  
Ablitt Scofield P.C.  
Counsel to Deutsche Bank N'tl Tr  
304 Cambridge Road  
Woburn MA 01801  

Daniel P. Ryan, Esq.  
Internal Revenue Service  
10 Causeway Street, Room 401  
Boston MA 02222  

Elizabeth W. Shealy, Esq.  
Salter McGowan et al  
Counsel to US Bank N.A.  
321 South Main Street  
Suite 301  
Providence RI 02903  

Robert Fitzgerald  
Appraisals Plus, Inc.  
322 King Street  
Raynham, MA 02767  

H&R Block Bank  
c/o Prober & Raphael  
20750 Ventura Blvd, Suite 100  
Woodland Hills CA 91364  
Attn: Dean R. Prober  

Specialized Loan Servicing  
c/o Prober & Raphael  
20750 Ventura Blvd, Ste 100  
Woodland Hills, Ca 91364  

Roman Zotman  
5 Alden Road  
Swampscott MA 01907  

Dated: January 10, 2011        /s/Gary W. Cruickshank, Esq.